# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BP PRODUCTS NORTH AMERICA, INC.,**

        **Plaintiff,**

  **v.**                                                                                                     **Case No. 07-C-1085**

**BULK PETROLEUM CORPORATION,**

        **Defendant.**

## DECISION AND ORDER

The plaintiff, BP Products North America, Inc. ("BP"), alleges in its complaint that Bulk Petroleum Corporation ("Bulk") is currently infringing BP's trademark, in violation of the Lanham Act, 15 U.S.C. §§ 1114(1)(a) & 1125(a). BP filed a motion for a temporary restraining order and a preliminary injunction, which is currently pending before the Court.

According to the complaint, Bulk is a former franchisee of BP that was licensed to use BP's trademarks and service marks in connection with the sale of motor fuel. BP alleges that BP breached the franchise agreement by selling adulterated, unauthorized, commingled and misbranded motor fuel under BP's trademarks. As a result, BP terminated Bulk's franchise. Nevertheless, according to BP, Bulk continues to operate and sell unauthorized motor fuel using BP's trademarks and service marks, an activity BP seeks to enjoin with a temporary restraining order and a preliminary injunction.

The Court may grant a temporary restraining order only if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b)(1). BP failed to establish that it will suffer "immediate and irreparable injury" if the Court does not grant a temporary restraining order. On October 15, 2007, BP notified Bulk that it "confirmed" through its investigation that Bulk commingled motor fuels at BP-branded locations, and therefore, BP told Bulk that it would terminate the franchise "effective November 30, 2007." (Compl. ¶ 23; Ex. 4.) If the injury to BP was not so "immediate and irreparable" that it could wait six weeks between the confirmation of an alleged infringement and the termination of the agreement, there is no reason to believe that the injury now is so "immediate and irreparable" that the Court needs to issue a temporary restraining order without first giving Bulk an opportunity to respond. Accordingly, the Court will deny BP's request for a temporary restraining order.

However, the Court will wait to rule on the motion for a preliminary injunction until after the parties have been able to fully brief the matter. The briefing schedule will be in accord with Civil Local Rule 7.1(b).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

BP's Motion for a Temporary Restraining Order and a Preliminary Injunction (Docket No. 4) is **DENIED**, in part. The Court denies the request for a temporary restraining order. The Court will rule on the motion for preliminary injunction after the matter is fully briefed.

Dated at Milwaukee, Wisconsin this 7th day of December, 2007.

>BY THE COURT
>
>s/ Rudolph T. Randa
>**Hon. Rudolph T. Randa**
>**Chief Judge**