**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**BP PRODUCTS NORTH AMERICA, INC.,**

**Plaintiff,**

**v.** **Case No. 07-C-1085**

**BULK PETROLEUM CORPORATION,**

**Defendant.**

---

**BULK PETROLEUM CORPORATION,**

**Plaintiff, and**
**Counter-Defendant,**

**v.**

**Case No. 07-C-1090**

**BP PRODUCTS NORTH AMERICA, INC.,**

**Defendant,**
**Counter-Claimant, and**
**Third-Party Plaintiff,**

**v.**

**DARSHAN DHALIWAL, and**
**BULK PETROLEUM KENTUCKY**
**PROPERTIES, LLC.,**

**Third-Party Defendants.**

## DECISION AND ORDER

This action (the "BP action") arises out of fractured business relationship between Plaintiff BP Products North America, Inc., ("BP") and Defendant Bulk Petroleum Corporation ("Bulk"). BP alleges that Bulk sold adulterated, unauthorized, commingled, and misbranded motor fuel under BP's trademarks and service marks (the "BP Marks"). BP asserts federal claims of trademark infringement, trademark counterfeiting, trademark dilution, false designation, false advertising and unfair competition in violation of the Lanham Act. In addition, BP asserts state law claims of trademark infringement and unfair competition in violation of Illinois, Iowa, Kentucky, Indiana, Tennessee, and Wisconsin law; and deceptive trade practices in violation of Illinois, Kentucky, Tennessee, and Wisconsin law.

Currently, six motions are pending in this action. Darshan Dhaliwal ("Dhaliwal"), Bulk's sole shareholder, filed two motions for limited intervention in this action to prosecute two motions for protective orders. Dhaliwal also filed two motions for protective orders quashing BP's subpoenas to four different entities to the extent the subpoenas seek documents of, or regarding him.

BP filed a Rule 7.4 expedited non-dispositive motion requesting that certain matters be referred to United States Magistrate Judge Patricia J. Gorence for disposition.

BP filed a motion to consolidate this action with a separate action brought by Bulk against BP, *Bulk Petroleum Corporation v. BP Products North America, Inc. v. Darshan Dhaliwal, et al.*, Case Number 07-C-1090 (the "Bulk action"). These motions are addressed herein.

**MOTIONS TO INTERVENE**

By his motions to intervene, Dhaliwal seeks leave to intervene in the BP action for the sole purpose of prosecuting two motions for protective orders to quash subpoenas to the Associated Bank, National Association ("Associated Bank")(Docket No. 92); the Johnson Financial Group, Inc. ("Johnson Financial"); U.S. Bancorp ("Bancorp); and, Suby, Von Haden & Associates S.C. ("Suby S.C.") (Docket No. 97), to the extent that those subpoenas seek documents of, or regarding Dhaliwal. BP states that it does not oppose the motions to intervene.

Dhaliwal cites no rule or other legal authority as the basis for his motion to intervene. Intervention is addressed by Rule 24 of the Federal Rules of Civil Procedure. Rule 24(a) provides for intervention as of right which a court must permit. Rule 24(b) provides for permissive intervention which a court may permit.

Since Dhaliwal has not asserted he has a right to intervene under Rule 24(a), the Court has considered his motion under Rule 24(b)(1) which requires a common question of law or fact between the intervenor's claim or defense and the main action. Despite such requirements, courts have generally interpreted their discretion under the rule broadly and held that Rule 24(b)(1) can be invoked by non-parties who seek to intervene for the sole

purpose of challenging confidentiality orders. *See Jessup v. Luther*, 227 F.3d 993, 997-98 (7th Cir. 2000); *Grove Fresh Distrib., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 896 (7th Cir. 1994). *See also* 7C Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure*, § 1911 (2007). Rule 24(b) has also been relied upon to allow intervention for the limited purpose of serving subpoenas to obtain documents. *See In re Application of Hill*, No. M19–117 (RJH), 05CV999996, 2007 WL 1226141, at *2-4 (S.D.N.Y. Apr. 23, 2007).

However, this Court's research does not disclose any decisions permitting intervention in an action in circumstances analogous to those presented by Dhaliwal's motions to intervene. Additionally, Dhaliwal's intervention in the BP action appears to be unnecessary because Rule 26(c) provides that any person from whom discovery is sought may move for a protective order in the court where the action is pending and Rule 45(c)(3) of the Federal Rules of Civil Procedure provides for that issuance of protective orders to protect non-parties subject to subpoenas. Although BP objects to the issuance of the protective orders, it does not contest Dhaliwal's standing to litigate those motions. Regardless, Dhaliwal's motions to intervene are denied.

**MOTIONS FOR PROTECTIVE ORDERS**

Pursuant to Rule 26(c) and Rule 45 of the Federal Rules of Civil Procedure, Dhaliwal seeks protective orders quashing BP's subpoena to the Associated Bank, Johnson Financial, Bancorp, and Suby S.C., to the extent the subpoenas request documents of, or

regarding Dhaliwal. Dhaliwal maintains that the documents possessed by the subpoenaed entities as to Dhaliwal are the personal financial documents relating to him which are not relevant to BP's claims against Bulk.

The subpoena to Associated Bank requires that for the period from January 1, 2004, the bank produce and permit inspection and copying of seven categories of documents pertaining to the Bulk, Bulk Petroleum Kentucky Properties, LLC.("Bulk-Kentucky"), and Dhaliwal – (collectively the "Bulk Group"). In summary form, the categories are: 1) state and federal income tax returns and all schedules; 2) all financial statements and similar documents setting forth the actual or potential financial condition of the Bulk Group provided by the Bulk Group; 3) all documents the Bulk Group provided to obtain the Irrevocable Standby Letter of Credit Number 2271 issued by State Financial Bank; 4) all documents provided by the Bulk Group in order to open a checking account; 5) all bank accounts and/or bank statements regarding or relating to any accounts held by the entities for or on behalf of the Bulk Group, and for or on behalf of their operation of BP branded service stations; 6) all documents that refer to, relate to, or reflect communications with the Bulk Group and, or for or on behalf of their operation of BP branded service stations; and, 7) all documents regarding or relating to the purchase of real estate by the Bulk Group. (Br. Supp. Mot. Protective Order, Attach. 1, 3-4.)

The subpoenas to Johnson Financial and Bancorp direct that for the period from January 1, 2004, the subpoenaed entities produce and permit inspection and copying

of six categories of documents. These categories are the same as categories one and two, and four through seven of the documents sought from Associated Bank. (*See* Br. Supp. Mot. Protective Order as to Johnson Financial, Bancorp, and Suby S.C., Attach. 1 & Attach 3.)

The subpoena to Suby S.C. requests production of seven categories of documents. (*See* Br. Supp. Mot. Protective Order as to Johnson Financial, Bancorp, and Suby S.C., Attach. 2.) In summary, the subpoena requests: 1) all state and federal income tax returns and all schedules; 2) all documents Suby S.C. used to prepare or review state and federal income tax returns and schedules and other materials submitted to taxing authorities that reflect any income or expenses associated with the Bulk Group; 3) all financial statements and similar documents setting forth the actual or potential financial condition of the Bulk Group provided by the Bulk Group; 4) all documents used to prepare or review financial statements and similar documents setting forth the actual or potential financial condition of the Bulk Group provided by the Bulk Group. The remaining three categories of requests are the same as categories five through seven of BP's subpoena to Associated Bank. (*Id.*)

Rule 26(c) of the Federal Rules of Civil Procedure provides that a party or person from whom discovery is sought may move the court for a protective order in the court where the action is pending. The court may, for "good cause," issue an order to protect a "person from annoyance, embarrassment, oppression, or undue burden or

expense." *See* Fed. R. Civ. P. 26(c). A party seeking a protective order has the burden of demonstrating good cause for issuance of such an order. *See* 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure*, § 2035 (2d. ed. 1994).

Similarly, Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure states in part, "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . (iii) requires disclosure of privileged or otherwise protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."[1] "[T]he party seeking to quash a subpoena under Rule 45(c)(3)(A) has the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden." *Hodgdon v. Northwestern Univ.*, 245 F.R.D. 337, 341 (N.D. Ill. 2007). "[I]mplicit in the rule is the requirement that a subpoena seek relevant information." *McGrath v. Everest Nat'l Ins. Co.*, No. 2:07 cv 34, 2008 WL 2557444 at *1 (N.D. Ind. June 23, 2008) (citing *Stock v. Integrated Health Plan, Inc.*, 241 F.R.D. 618, 621-22 (S.D. Ill. 2007); *Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)")).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

---

[1]Dhaliwal does not specify the subsection of Rule 45 that he relies upon in moving to quash the subpoenas as to documents of, or regarding him.

*Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004) (quoting Fed. R. Civ. P. 26(b)(1)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *See Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003).

The crux of Dhaliwal's motions for protective orders are that his personal financial information is not relevant to BP's claims against Bulk. Review of BP's sealed brief and attached exhibits in opposition to Dhaliwal's motions for protective orders indicates that the finances of Bulk and Bulk-Kentucky are closely related with those of their sole shareholder, Dhaliwal. (*See* Mem. Opp'n Protective Order 4-7.) This Court is persuaded that BP cannot meaningfully analyze Bulk and Bulk-Kentucky's financial records without also considering the subpoenaed financial records of Dhaliwal. Financial records including those of Dhaliwal are required to prove damages and wilfulness which are a part of BP's trademark claims. Therefore, the Court concludes that the discovery of Dhaliwal's subpoenaed records is reasonably calculated to lead to the discovery of admissible evidence and, therefore, is within the scope of Rule 26(b)(1). Dhaliwal has not demonstrated "good cause" as required to obtain a protective order. As consequence, Dhaliwal's motions for protective orders are denied.

**MOTION FOR REFERRAL OF CERTAIN MATTERS TO MAGISTRATE JUDGE GORENCE**

BP filed a Civil Local Rule 7.4 expedited non-dispositive motion requesting that the Court to refer certain matters Magistrate Judge Gorence so that the pending motions may be expeditiously resolved and because it expects that, although the parties continue to meet and confer regarding discovery issues, discovery disputes requiring quick resolution will arise.

The pending motions are resolved in this Decision and Order. Furthermore, in this district, it is not the practice to refer discovery disputes or discovery motions to the magistrate judges. Therefore, BP's Civil Local Rule 7.4 expedited non-dispositive motion requesting referral of certain matters to the assigned magistrate judge is denied.

**MOTION TO CONSOLIDATE**

**Background**

On November 2, 2004, BP entered into a franchise agreement and a trademark licensing agreement with Bulk. These contracts permitted Bulk to use BP's marks to sell BP-branded petroleum products at its retail gas stations. Bulk used the BP Marks at approximately 120 stations.

The agreements between the parties foundered because BP alleged that Bulk was selling adulterated, unauthorized, commingled, and misbranded motor fuel under the BP Marks. These allegations led BP to terminate its franchise with Bulk effective November 30, 2007.

After the termination of the franchise, Bulk continued to use the BP Marks at its stations to sell non-BP motor fuel. As a result, on December 4, 2007, BP commenced this action seeking relief for Bulk's alleged violations of the BP Marks.

In response to the termination of the franchise, Bulk filed the Bulk action against BP on November 7, 2007, in the Wisconsin Circuit Court for Ozaukee County. Bulk's complaint alleges that BP wrongfully terminated the franchise in violation of the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2801 *et seq*.

BP removed the Bulk action to this court on December 5, 2007. In the Bulk action, BP's answer asserts that the franchise termination was justified because of Bulk's violations of the BP Marks and Bulk's commingling of gas in breach of the franchise agreement.

BP also filed counterclaims against Bulk, and third parties, Dhaliwal and Bulk-Kentucky. BP's claims against Dhaliwal and Bulk-Kentucky are based on its separate contracts with them.

**Analysis**

Under Rule 42(a) of the Federal Rules of Civil Procedure, if actions "before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." In deciding whether to consolidate cases, courts exercise broad discretion and try to consolidate where possible. *United States v.*

*Knauer*, 149 F.2d 519, 520 (7th Cir. 1945). Consolidation is preferred to avoid unnecessary duplication of efforts in related cases and promote judicial economy and efficiency. *EEOC v. G-K-G, Inc.*, 39 F.3d 740, 745 (7th Cir. 1994). *See also Knauer*, 149 F.2d at 520. However, if consolidation is certain to lead to confusion or prejudice the actions should not be consolidated. *Knauer*, 149 F.2d at 520.

This action and the Bulk action relate to a common core of factual questions; that is, whether Bulk: (1) sold commingled and/or non-BP gas using the BP Marks; (2) violated the franchise agreement; and, (3) misused the BP Marks. In this action, the answers to these questions could determine BP's entitlement to the requested relief. In the Bulk action, the answers to these questions may determine whether the franchise agreement was justifiably or wrongfully terminated. Both actions involve some common legal questions. For instance, both involve common questions of contract law as applied to the franchise agreement.

Consolidation of the actions would promote efficiency and economies by avoiding unnecessary duplication of efforts. The examination of the common factual questions is likely to involve the same exhibits and testimony, and absent consolidation, the same evidence would be considered twice. Such duplication is inconsistent with the Court's goal to work efficiently.

Bulk maintains that not all the factual questions and legal issues are exactly the same and consolidation will lead to confusion and prejudice, which would outweigh any

efficiency gained. Though the legal implications of the multiple common questions of fact differ in each case, it is not difficult to assess the facts in the context of different legal issues.

Bulk also asserts that consolidation is inappropriate because prejudice will occur since Dhaliwal and Bulk-Kentucky are parties in the Bulk action, but not the BP action. Bulk asserts that Dhaliwal and Bulk-Kentucky would be "painted with guilt by association" from the claims in the BP action. (Br. Opp'n Mot. Consolidation 8.) However, in its reply brief, BP indicates that it intends to assert the defense that its termination of the agreement was justified by Bulk's alleged trademark violations and breach of contract. (Reply Br. Supp. Mot. Consolidation 9.) Thus, even if the actions continued separately, evidence regarding the alleged violations and breach would be known to the trier of fact. Therefore, Bulk's argument about prejudice to Dhaliwal and Bulk-Kentucky is not persuasive.

Additionally, Bulk argues that consolidation is inappropriate and would create confusion because the BP action is to be tried to the Court while the Bulk action is to be tried to a jury. Bulk asserts that BP is not entitled to a jury trial in the BP action because it did not make a timely request for a jury and that separating the fact finding between the Court and a jury would create confusion. However, the waiver of a jury trial in an action does not foreclose consolidation. *See Truckstop.net, LLC. v. Sprint Corp.*, No. CV-05-138-S-BLW, 2006 WL 851129 at *2 (D. Idaho March 30, 2006) (granting motion to consolidate

two actions despite a jury waiver in one action and a proper demand in the other). Based on the foregoing, BP's motion for consolidation is granted.

Civil Local Rule 42.1(b) (E.D. Wis.) states: "[w]hen two or more cases are consolidated, all documents relevant to the purposes for which consolidation was granted will thereafter be docketed only on the docket sheet for the lowest numbered of the consolidated cases." Accordingly, the parties must file all documents concerning the actions in Case No. 07-C-1085.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Dhaliwal 's motions to intervene for the sole purpose of prosecuting protective orders (Docket No. 92 and Docket No. 97) are **DENIED**;

Dhaliwal's motions for protective orders regarding BP's subpoenas to Associated Bank (Docket No. 90), and regarding BP's subpoenas to Johnson Financial, Bancorp, and Suby, S.C. (Docket No. 96) are **DENIED**;

BP's expedited non-dispositive motion for referral of certain matters to Magistrate Judge Gorence (Docket No. 109) is **DENIED**;

BP's motion to consolidate (Docket No. 88) is **GRANTED**; and,

Pursuant to Civil Local Rule 42.1(b), the parties must **FILE** all documents concerning the BP action (Case No. 07-C-1085) and the Bulk action (Case No. 07-C-1090) in the BP action (Case No. 07-C-1085).

Dated at Milwaukee, Wisconsin this 27th day of August, 2008.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**Chief Judge**